PER CURIAM.
Maximiliano Romero (“defendant”) appeals the denial of his motion to vacate his plea and sentence. We reverse.
We agree with the defendant’s contention that the trial court abused its discretion in failing to vacate the plea and sentence. The victim, according to the trial judge’s findings,[1] credibly recanted her accusation against the defendant and identified the true perpetrator at an evidentiary hearing on the defendant’s motion to vacate his plea and sentence. The defendant denied the crime at the hearing, and explained that he earlier pleaded guilty be *169 cause he feared the victim’s initial accusation would be believed by the jury and that he might receive a life sentence.
Under cireumstancés involving a post-sentencing recantation of a sole or chief prosecuting witness, we find a trial court is required to set aside a conviction based upon newly discovered evidence that would “probably produce an acquittal on retrial.” See Jones v. State, 591 So.2d 911, 915 (Fla.1991). Because the standard of “probably produce an acquittal on retrial” has been met, we reverse the order below and remand to the trial court with directions to vacate the defendant’s guilty plea and sentence.
Reversed and remanded with instructions.

. The trial judge found the victim's testimony "[v]ery convincing” and further stated the victim was a "good witness ... [whose] in-court statement stood the test of cross-examination.”